CARLSON, RESPONDENT, *v.* BARKER, APPELLANT.

(No. 2,497.)

(Submitted February 5, 1908.  Decided February 10, 1908.)

[93 Pac. 646.]

*Partnership—Payment of Debts—Statute of Frauds—Appeal—*
*Theory   of   Case — Pleading — Sufficiency — Instructions—*
*Harmless Error.*

Appeal—Theory of Case.

1.  On appeal the supreme court will treat a cause on the same theory it was tried in the district court.

Action for Wages—Complaint—Sufficiency.

2.  In an action to recover wages due for services rendered to a partnership, of which defendant was a member, an allegation that the partners, upon winding up their affairs, had an accounting, and as part consideration for same, defendant agreed to pay plaintiff for the balance due him from the firm, while somewhat indefinite and uncertain, sufficiently stated a consideration for defendant's promise to pay plaintiff the money due him from the firm.

Pleading—Uncertainty—Special Demurrer.

3.  If a defendant in a civil action desires a complaint to be made more definite and certain, he should file a special demurrer for that purpose in the trial court.

Appeal—Review—Harmless Error—Instructions.

4.  In an action to recover wages due for services to a partnership of which defendant was a member, which it was alleged he agreed to pay upon a final settlement between the partners, an instruction that, unless defendant, at the time of making the promise, had funds of the partnership sufficient to pay the debt, there was no consideration for his promise, if erroneous, was harmless error, where the jury, by finding for plaintiff, must have found that defendant did have sufficient funds to pay the debt.

Partnerships—Liability of Partner.

5.  *Quaere:* Is a member of a partnership severally liable for services rendered to the partnership?

Statute of Frauds—Promise to Pay Debt of Another—Agreement by Partner to Pay Firm Debt—Consideration.

6.  Section 3612, subdivision 3, of the Civil Code, provides that a promise to answer for the antecedent obligation of another need not be in writing, where the promise is made upon a consideration beneficial to the promisor. Upon the winding up of a copartnership of which defendant was a member, he retained certain partnership funds and agreed to pay plaintiff a debt due him for wages from the firm. *Held,* that defendant's promise was upon a consideration, beneficial to himself, under section 3612, and was valid, though not in writing.

*Appeal from District Court, Cascade County; J. B. Leslie,*
*Judge.*

Action by Emil Carlson against David L. S. Barker. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Messrs. Downing & Stephenson,* for Appellant.

*Mr. A. C. Gormley,* for Respondent.

Defendant having failed to interpose a special demurrer to the complaint on the ground of indefiniteness, he will not be heard to complain on appeal. (*Crane* v. *Grassman,* 27 Mich. 443; *Kean* v. *Mitchell,* 13 Mich. 207; *Dickinson* v. *Dustin,* 21 Mich. 561.) A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it. (9 Cyc. 377-384; *Miliani* v. *Tognini,* 19 Nev. 133, 7 Pac. 279; *Flint* v. *Cadenasso,* 64 Cal. 83, 28 Pac. 62; *Montgomery* v. *Rief,* 15 Utah, 495, 50 Pac. 624.) The contract in question here was not void under the statute of frauds. (*Sacramento Lumber Co.* v. *Wagner,* 67 Cal. 293, 7 Pac. 705; *Hamill* v. *Hall,* 4 Colo. App. 290, 35 Pac. 927; *Gilmore* v. *Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934; *Nordby* v. *Winsor,* 24 Wash. 535, 64 Pac. 726; *Peters* v. *George* (Cal. App.), 81 Pac. 1117; *McCormick* v. *Johnson,* 31 Mont. 266, 78 Pac. 500.)

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the district court of Cascade county, and an order denying the defendant a new trial. The jury returned a verdict in favor of the plaintiff for the full amount demanded in the complaint. It is believed that a reference to the pleadings and the charge of the court will be sufficient to explain the nature of the action and the questions involved on the appeal, without any extensive recital of the evidence. The complaint reads as follows:

"The plaintiff complains of the defendant and alleges:

"First. That during the times hereinafter mentioned, the defendant, David L. S. Barker, and one Nels Carlson, and one Olaf Lindquist, were interested together as partners in a cer-

tain lease upon the Ripple quartz lode mining claim, near Neihart, Cascade county, Mont., the defendant, David L. S. Barker, owning a one-half interest in said lease and the said Nels Carlson and Olaf Lindquist, each owning a one-quarter interest in said lease.

"Second. That on or about the 9th day of July, 1903, the plaintiff was hired and employed as a miner by the said lessees, David L. S. Barker, Nels Carlson, and Olaf Lindquist, to work in the said Ripple mine, so leased by them, and was to receive the usual and customary wages of three and one-half dollars ($3.50) per day; that the plaintiff continued to work for said parties as aforesaid until on or about the 1st day of April, 1904; that the value of his services at three and one-half dollars ($3.50) per day amounted to eight hundred seventeen dollars and twenty-five cents ($817.25); that the plaintiff has received from time to time, on account of said services, the sum of five hundred twenty-seven dollars and thirty-eight cents ($527.38), leaving a balance due and unpaid of two hundred eighty-nine dollars and eighty-seven cents ($289.87).

"Third. That when the said lessees of the Ripple mine ceased to work the same under their said lease on or about the 10th day of April, 1904, they had a settlement and accounting of all their business connected with said lease, and on said settlement and accounting, and as part consideration for the same, the defendant, David L. S. Barker, promised and agreed to pay the plaintiff the said balance of two hundred eighty-nine dollars and eighty-seven cents ($289.87), due and unpaid him as aforesaid.

"Fourth. That the said sum of two hundred eighty-nine dollars and eighty-seven cents ($289.87) has not been paid nor has any part thereof; that the defendant has refused to pay the same, though payment thereof has been demanded of him by the plaintiff."

There was no demurrer on the part of the defendant, but an answer was filed denying each and every allegation of the complaint. The court charged the jury as follows:

"You are instructed that the defendant in this case has denied all of the allegations of the complaint, and before the plaintiff can recover in this case he must prove by a preponderance of the testimony that the copartnership between the defendant, Nels Carlson, and Olaf Lindquist, existed, and during its existence that the plaintiff worked for said partnership, as alleged in the complaint, at the price of $3.50 a day, that a balance remains due the plaintiff unpaid of $289.87, that when said partnership ceased to work said lease the said partners had a settlement and accounting of all their business connected with said lease, and as a part consideration that defendant had moneys in his hands belonging to said copartnership, and promised and agreed with his copartners to pay the balance of $289.87 alleged to be due the plaintiff; and, if you find the facts to be as set forth in this instruction, it will be your duty to return a verdict for the plaintiff for $289.87, with interest at the rate of 8 per cent per annum from the 2d of August, 1906, unless you find from a preponderance of the testimony the facts to be as set forth in the next instruction.

"You are further instructed that, although you find from the evidence that the defendant, David L. S. Barker, and Nels Carlson made an agreement by which David L. S. Barker agreed to pay the plaintiff the sum of $289.87, if you should further find that before the said Emil Carlson, the plaintiff herein, released the copartnership from said indebtedness, not notifying the said David L. S. Barker of his acceptance of him for the payment of said moneys, the said Nels Carlson and the said David L. S. Barker made another agreement by which the said David L. S. Barker paid the moneys in his hands to Nels Carlson instead of paying them to Emil Carlson, in that event you are instructed to find a verdict for the defendant in this case.

"It is not necessary, in order to make defendant liable, that he should have made to the plaintiff the promise to pay said $289.87, but a promise in consideration of his having funds belonging to said copartnership sufficient to pay the same and made to his copartner, Nels Carlson, in a settlement of the co-

partnership affairs, with authority in Nels Carlson to make such settlement from his copartner Lindquist, would be sufficient to bind the defendant so far as the promise is concerned.

"You are instructed that it is not sufficient for you to find that the sum of $289.87 was due and owing to the plaintiff from the firm of Carlson & Co., but that, in order to find for the plaintiff in this case, you must find also that the partners, David L. S. Barker, Nels Carlson, and Olaf Lindquist, had a settlement, and that in consideration of such settlement, the defendant, David L. S. Barker, promised and agreed to pay Emil Carlson the said sum of $289.87, and, unless you find that there was such a settlement and such an agreement upon the part of the defendant, David L. S. Barker, you are instructed to find a verdict for the defendant.

"You are instructed further that, unless you find that the defendant, David L. S. Barker, had moneys in his possession amounting to $289.87, belonging to the firm of Carlson & Co., that there would be no consideration for an agreement upon his part to pay the sum to the said Nels [Emil?] Carlson, plaintiff herein."

It will be seen from the foregoing that the cause was tried upon the theory that paragraph 3 of the complaint was a necessary and material part thereof, without which the complaint did not state a cause of action, and that the defendant was not severally liable to the plaintiff, and could not be sued alone for the partnership debt as such. We shall not examine the correctness of this theory, but shall treat the case as it was treated in the district court.

The first contention of the appellant is that the complaint does not state facts sufficient to constitute a cause of action, because paragraph 3, "construed most favorably to the plaintiff, does not state any consideration for the promise of the defendant to pay." We cannot agree with appellant's counsel in this view. Paragraph 3 does state, in a general way, that there was a consideration and what that consideration was. It is true that it does not state in detail what the arrangement between

the parties was.  If the defendant desired to have the complaint made more definite and certain in this regard, he should have raised the point by special demurrer in the court below.

The district judge instructed the jury that before the plaintiff was entitled to recover he must show by a preponderance of the testimony (1) that the so-called copartnership composed of Barker, Nels Carlson, and Lindquist existed; that during its existence the plaintiff worked for it, as alleged in the complaint, at the price of $3.50 a day, and a balance remained due and unpaid to him of $289.87; (2) that the simple promise of the defendant Barker to pay this amount to the plaintiff was not sufficient to warrant a verdict for the plaintiff, but the jury must go further and find that at the time of making the promise the defendant had funds in his hands belonging to the copartnership sufficient to pay the amount; that unless Barker did have funds to that amount there would be no consideration for his agreement to pay the plaintiff.  Whether the court below was right or wrong in imposing this additional limitation upon the plaintiff's right to recover is immaterial, because the jury found for the plaintiff, and must have found that the defendant did have this amount in his hands at the time he made the agreement with Nels Carlson, his copartner.

It only remains to be ascertained whether there is any testimony warranting such a finding.  An examination of the testimony of Nels Carlson discloses the fact that he testified that at the time Barker promised to pay the plaintiff's claim, they were engaged in an effort to finally adjust the affairs of the copartnership; that it was ascertained that the firm owed the sum of $852.11, of which Barker agreed to pay one-half, and Nels Carlson and Lindquist the other half; that at this time Barker had in his possession the sum of $471.69 belonging to the partnership, being the proceeds of certain ore sold by the firm to the East Helena smelter; that in the settlement this fact was taken into consideration, and the portion of the debts Barker was to pay was ascertained and adjusted on the basis of his retention of the whole amount received from the smelter.  There

is no other matter involved in the appeal save this one question of fact. The district court submitted the case to the jury upon this theory, and the jury resolved the issue in favor of the plaintiff. The defendant does not complain of the instructions of the court, but insists that the promise of Barker, made to his copartner, to pay the plaintiff's claim, was without consideration and within the statute of frauds, because not in writing.

We may assume, in passing, that Barker was not severally liable for the plaintiff's claim, although, in the light of sections 3250 and 1940 of the Civil Code, there may be grave doubts upon that subject, and we do not resolve them; but there can be no doubt that under the testimony of Nels Carlson, stamped as true by the verdict of the jury, an independent consideration passed to the defendant, Barker, and that his agreement to pay the claim was a good promise, by virtue of the provisions of section 3612 of the Civil Code, which reads as follows: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: * * * (3) Where the promise being for an antecedent obligation of another * * * is made upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person." (See *McCormick* v. *Johnson,* 31 Mont. 266, 78 Pac. 500.)

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.